UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:12-cr-00189-SEB-MJD-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| BRANDON LOMAX | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:12-cr-00189-SEB-MJD |
| BRANDON LOMAX, | ) ) | -01 |
| Defendant. | ) ) | |

**ORDER**

Defendant Brandon Lomax seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons explained below, Mr. Lomax's motion is **denied**.

**I. Background**

In 2014, a jury found Mr. Lomax guilty of one count of conspiracy to distribute 1,000 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (count 1); eight counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) (counts 2-9); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (count 19). Dkt. 364. During the course of the prosecution, the United States filed an information pursuant to 21 U.S.C. § 851 alleging that Mr. Lomax had previously been convicted of two felony drug offenses. Dkt. 140. As a result, a life sentence was the mandatory minimum sentence under the law as it existed at the time, 21 U.S.C. § 841(b)(1)(A) (eff. Aug. 3, 2010, to Dec. 20, 2018), and the Court imposed a life sentence, dkt. 451.

Mr. Lomax initially filed a pro se motion for compassionate release. Dkt. 637. The Court appointed counsel, but before filing any substantive submissions on behalf of Mr. Lomax, counsel withdrew. Dkts. 652, 656. The Court ordered Mr. Lomax to file a supplement to his motion, and

he complied. Dkts. 657, 671. In his briefing, Mr. Lomax argues that he establishes extraordinary and compelling reasons for compassionate release because (1) if he was sentenced today, he would not be subject to a life sentence; (2) the COVID-19 pandemic poses a risk to him as a prisoner; and (3) he has substantially rehabilitated himself during his time in prison. The United States filed an opposition brief, dkt. 706, and Mr. Lomax did not file a reply. Thus, the motion is now ripe.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Lomax's first reason for requesting a sentence reduction—the disparity between the sentence he received and the sentence he might receive if sentenced today—is unavailing, whether considered alone or in conjunction with other reasons. Mr. Lomax argues that when he was sentenced in 2014, his two prior felony offenses mandated that he receive a life sentence. Due to changes under the First Step Act, individuals in the same position as Mr. Lomax who are sentenced today would only be subject to a 25-year mandatory minimum. This disparity, according to Mr.

Lomax, establishes an extraordinary and compelling reason to grant him compassionate release. However, non-retroactive changes in sentencing law—such as the change to § 841—are not extraordinary and compelling reasons for compassionate release, whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release.").

Mr. Lomax's concern about COVID-19 in general is also not persuasive. Mr. Lomax has not identified any reasons why he might be at particular risk of severe illness if he were to contract COVID-19. While the Court sympathizes with Mr. Lomax's fear of becoming infected with the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction). And, regardless, the Seventh Circuit has repeatedly held that COVID-19 cannot be an extraordinary and compelling reason warranting release under § 3582(c)(1)(A) unless the defendant shows that he cannot receive or benefit from the COVID-19 vaccine. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021); *see also United States v. Clemons*, No. 21-2440, 2022 WL 1436801, at *2 (7th Cir. May 6, 2022) ("Despite the threat of

new coronavirus variants, we reiterated that an inmate's risk of COVID-19 cannot justify compassionate release absent an inability to receive or benefit from a vaccine.") (cleaned up). Mr. Lomax has not made such a showing.

Finally, while the strides Mr. Lomax has made in prison are admirable, his rehabilitation, whether considered alone or together with other factors, is not an extraordinary and compelling reason to reduce his sentence. *See United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022) ("At the first stage of the analysis, the court rightly did not consider Whited's rehabilitation efforts or disciplinary record, which are not extraordinary and compelling reasons for release and are therefore more suitably addressed as part of the § 3553(a) analysis."); *see also* 28 U.S.C. § 994(t).

Given the determination that Mr. Lomax has not shown extraordinary and compelling reasons to justify his release, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release. Even if he had made such a showing, however, the Court would nevertheless find that Mr. Lomax is not entitled to compassionate release because the § 3553 factors do not weigh in his favor.[1] Mr. Lomax has taken several classes while in the BOP and he represents that if released, he will be living with his daughter and has secured employment. He has also submitted letters of support from several friends and members of the community. Weighing heavily against him, however, Mr. Lomax's

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

crimes were extremely serious, and he has a significant criminal history. Even assuming that Mr. Lomax might receive a 25-year sentence if sentenced today, he has still only served 10 years, and releasing him now would be a substantial reduction.

In light of these considerations, the Court finds that releasing Mr. Lomax now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. Conclusion

For the reasons stated above, Mr. Lomax's motion for compassionate release, dkt. [637], is **denied.**

**IT IS SO ORDERED.**

Date: 7/7/2022

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brandon Lomax
Reg. No. 11133-028
USP Coleman II
U.S. Penitentiary
P.O. Box 1034
Coleman, FL 33521

All Electronically Registered Counsel